UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| RICHARD ENRIQUE ULLOA, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 10-1384 (RWR) |
| : | |
| PAUL J. VAN BLARCUM, : | |
| : | |
| Respondent. : | |

**MEMORANDUM OPINION**

This matter is before the Court on initial consideration of petitioner's *pro se* Petition for Emergency Writ of Habeas Corpus. The petition will be denied.

Petitioner alleges that, "[o]n or about July 18, 2010, Janet for the Family Beddini's liberties commenced to be restrained and is on going to this day[] by RESPONDENT, who is or represents a 'CORPORATION for Profit", holding a natural woman . . . against Her will, over Her objection, and without Her consent[.]" Pet. ¶ 2 (capitalization in original). Petitioner demands the prisoner's immediate release from custody. *See id.* at 4.

"Three inter-related judicial doctrines – standing, mootness, and ripeness, ensure that federal courts assert jurisdiction only over 'Cases' and 'Controversies.'" *Worth v. Jackson*, 451 F.3d 854, 855 (D.C. Cir. 2006). A party has standing if his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)). "[T]he injury

1

alleged cannot be conjectural or hypothetical, remote, speculative, or abstract." *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (internal citations and quotation marks omitted). Here, petitioner articulates no legally protected interest of his own; rather, he purports to bring this action on another person's behalf. Although he may represent himself as a *pro se* litigant, petitioner is a lay person who is not qualified tor represent another person in this Court. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). Standing may be denied where, as here, this *pro se* litigant seeks to assert the rights of a third party. *See Navegar, Inc.*, 103 F.3d at 998.

Even if petitioner had standing to bring this action, this Court cannot entertain a challenge to the legality of the prisoner's custody. Habeas actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), who is identified as Paul J. VanBlarcum, Sheriff of Ulster County, New York . "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

An Order accompanies this Memorandum Opinion.

Signed this 31st day of August, 2010.

/s/
RICHARD W. ROBERTS
United States District Judge